Jones, E. H., P. J.
This action was brought by The Union Gas & Electric Company to recover from The Cincinnati, New Orleans & Texas Pacific Railway Company the sum of $2169.12, expended by it, the gas company, in lowering or changing the location of its large gas main in the yards of the railway company.
Prior to May 18, 1892, there was a street in Cincinnati known as Dalton avenue; and in the year 1894 the gas company, with the consent of said city, laid a 24-inch gas main in that street. On May 18, 1892, plaintiff in error, being the owner by virtue of perpetual leases with privilege of purchase of all the property abutting on both sides of Dalton avenue between Hopkins and Kenner streets, filed a petition in the court of common pleas for the' vacation of Dalton avenue between Hopkins and Kenner streets. The prayer of the petition was granted by said court on November 26, 1902. The court, as a condition upon which the order of vacation would be made, required the plaintiff in error to agree that it would “at all times permit The Cincinnati Gas Light & Coke Company, its successors and assigns, to enter upon the said vacated street or vacated parts of streets for the purpose of laying, keeping in repair, changing or removing its system of gas mains and pipes, in the streets or parts of streets vacated.”
*215 In the year 1903 the plaintiff in error graded that part of Dalton avenue which had been vacated, and laid tracks across- it. These tracks were laid in close proximity to the top of the gas main above described. In fact, the rails of one of the tracks were resting on said main. This condition so remained until August, 1910, when defendant in error made discovery thereof and made a demand on the plaintiff in error to change the location of the pipes. This the plaintiff in error refused to do; and the gas company then did the work it deemed necessary and demanded that the railway company pay the expenses thereof. This was refused, and this suit was filed in the court below on February 15, 1912, to recover the expenses of doing that work.
There were two defenses set out in the answer: the first admitting certain allegations of the petition, and then making general denial of the remaining allegations; the second setting up the four-years statute of limitations.
Prior to the vacation of this portion of Dalton avenue, while it was still under the control of the city, there could have been no question about the right of the city to change the grade of the avenue, and, likewise, no question but that the gas company would have had to bear all expenses of removing, lowering or raising its pipes, made necessary by such change in the grade of the street. See Columbus Gas Light & Coke Co. v. Columbus, 50 Ohio St., 65. We quote from proposition 2 of the syllabus:
“A gas company laying its pipes in the streets *216 of a city, under a grant from the city, in conformity with an established grade, does so subject to the right of the city to change the grade of the street whenever the. necessities of the public require it, and, in the absence of wantonness or negligence on the part of the city, the company cannot maintain an action for damages occasioned by the necessity of taking up and relaying its pipes in order to accommodate them to the new grade.”
It follows that had the grade of Dalton avenue been changed by the city of Cincinnati before the decree for vacation, the gas company would have been compelled to change the location of its pipes and to bear the expense thereof.
By the terms of the court’s decree vacating the avenue the right to maintain the pipe therein is made secure; without such provision in the entry, said right would have then terminated. The manifest purpose of the court was to protect as far as possible such rights as the gas company then had. It was powerless to do more. There was no attempt on the part of the court to enlarge the rights of the gas company, and it is not claimed that any additional right followed the decree or inured to defendant in error under' favor of statutory provision or by operation of law. The railway company being the owner of all the property abutting on both sides of the vacated street became the owner and was entitled to the possession of the part vacated, with the right to use for yard purposes in the same manner and as completely as it could use its contiguous property, subject only to the rights of the gas company as they then and theretofore existed.
*217 No question enters this case as to the necessity or reasonableness of the grading done by the railway company. The presumption to which it is entitled — that its plans were adopted in good faith and the work carefully done — has not been assailed in any way.
Neither is there any question in this case but that the gas company was justified in looking upon the proximity of the rails to its pipe, and the operation of locomotives and cars over same, as a menace to its business, its patrons and the public. But this condition was brought about by reason of a necessary change of grade, and a rightful, lawful use of its property by plaintiff in error, and we know of no rule of law that would compel the railway company, in the absence of an agreement, to bear the expense incurred in changing the location of the pipe.
The question of the statute of limitations is discussed in the briefs. It is claimed by the railway company that this action accrued in 1903 when the track was laid, which if true would be a bar. The gas company claims that the operation of the cars over the tracks as laid constituted a continuing trespass and that the statute did not begin to run until the change was made in the location of the pipe and the cost of same ascertained and paid.
Having found that no cause of action ever arose, we do not deem it necessary to determine this question. From such consideration as we have given the matter we are inclined to think that the action is barred.
For the reasons stated the judgment of the court *218 below is reversed, and the judgment which that court should have rendered will be entered here.

Judgment reversed, and judgment for plaintiff in error.

Jones, Oliver B., and Gorman, JJ., concur.